Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5722 | **DATE** | 12/9/2003 |
| **CASE TITLE** | Thomas vs. Illinois Department of Public Aid, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants defendants' motion to dismiss. All pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 1 0 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 29 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHARLES THOMAS,                )
                               )
        Plaintiff,             )
                               )
    v.                         )
                               )    02 C 5722
ILLINOIS DEPARTMENT OF PUBLIC, )    Judge George M. Marovich
AID, ILLINOIS DEPARTMENT OF    )
PUBLIC REVENUE, and DOROTHY    )
BROWN, CLERK OF THE CIRCUIT    )
COURT                          )
                               )
        Defendants.            )

DOCKETED
DEC 1 0 2003

MEMORANDUM OPINION AND ORDER

Plaintiff Charles Thomas("Thomas") filed a Complaint against the Illinois Department of Public Aid, Illinois Department of Public Revenue, and Dorothy Brown, Clerk of the Circuit Court (collectively "Defendants"), alleging that he has been subjected to illegal child support demands by each Defendant and as such, his civil right have been violated under 42 U.S.C. § 1983 ("§ 1983"). Defendants have moved to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court grants Defendants' Motion to Dismiss.

BACKGROUND

The Complaint alleges the following relevant facts, which for the purposes of deciding this motion, are taken as true. Hishon v. Kemp & Spalding, 467 U.S. 69, 73 (1984). On June 9, 1992, the Circuit Court of Cook County entered in Order of

Support and Order for Withholding against Thomas for the support of his child. In 1996, Thomas filed a lawsuit against the Department of Public Aid apparently disputing the legitimacy of the child support order. That suit was dismissed by this Court on the grounds that Thomas had not exhausted his state remedies.

Subsequently, Thomas declared that during the years 1995 and 1996, he allegedly moved back in with his wife and children but the child support was still being withheld from his income. Additionally, Thomas claims that there was a five year gap in receiving requests for child support payments, at which time, the requests resumed. He asserts that this is a constitutional violation.

According to the record, in 1997, Thomas was seen by the Division of Child Support Enforcement at the Illinois Department of Public Aid ("IDPA"). The IDPA sent him a letter explaining that properly contesting his child support order, would require him to petition the Cook County Domestic Relations Court that originally entered the order and maintains jurisdiction to modify or vacate the order. Thomas also appears to have contacted other unnamed state agencies without avail. Thomas refused to follow the advice afforded to him by IDPA, namely to contest the Order in state court, but instead, Thomas filed this Complaint on August 13, 2002.

DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the

plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. Section 1983 Claims

Defendants contend that Thomas should have sought review of his state child support order claim in state court. Moreover, the Defendants assert that this Court does not have proper jurisdiction over the claim because it is barred by the Rooker-Feldman doctrine. This doctrine provides that a United States District Court has no authority to review final judgments of a state court. Rooker v. Fidelity Trust Co., 263 U.S. 413, 416-17 (1923); Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). Specifically, "the Rooker-Feldman doctrine bars not only attacks on issues actually decided in state court, but also extends to claims that are 'inextricably intertwined' with the state court judgment." Long v. Shorebank Dev. Corp., 182 F.3d 548, 554 (7th Cir. 1999). To determine if a claim is "inextricably intertwined" with a state court decision, a district court must determine if the plaintiff is asking the court to "review the state court decision". Id. It is not enough that a Plaintiff merely masks his intention in the form of

a civil rights action. See Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1996). If the remedy sought would require a District Court to review a state court decision, the District Court lacks proper jurisdiction. Id.

In the case at bar, there can be little doubt that the Plaintiff's alleged injuries all stem from the child support order entered by the Circuit Court of Cook County on June 9, 1992. Hence, this cause of action is barred in federal court by the Rooker-Feldman doctrine. The proper forum to address these alleged injuries is in the state court, which entered the child support order. Therefore, this Court grants defendants' motion to dismiss.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss is granted.

ENTER:

George M. Marovich
United States District Judge

DATED: 12/9/03